| PROB 22 (Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 2:05cr00026-001 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* CR. MISC. NO. 1047 2:06CR177-WHA |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Atoya Alquita Williams 509 Lee County Road 201 Salem, Alabama 36874 | EASTERN DISTRICT OF VIRGINIA | Norfolk |

RECEIVED
JUL 6 2006
CLERK, US DISTRICT COURT
NORFOLK, VA

| NAME OF SENTENCING JUDGE |
|---|
| The Honorable Raymond A. Jackson |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 10/18/05 | TO 10/17/08 |
|---|---|---|

**OFFENSE**

Count One: Larceny of Government Property (Felony) in violation of 18 U.S.C. 641, a Class C Felony.
Count Two: Use of a False Writing (Felony) in violation of 18 U.S.C. 1001(a)(3), a Class D Felony.

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

　　　　IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the MIDDLE DISTRICT OF ALABAMA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

4/13/06
Date

United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

　　　　IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

5/9/06
Effective Date

United States District Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

FEB 2 5

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 2:05cr 2 6 |
| | ) | |
| ATOYA ALQUITA WILLIAMS | ) | 18 U.S.C. § 641 |
| | ) | Larceny of Government Property |
| Defendant. | ) | Count One |
| | ) | |
| | ) | 18 U.S.C. § 1001(a)(3) |
| | ) | Use of a False Writing |
| | ) | Count Two |

INDICTMENT

February 2005 Term - at Norfolk, Virginia

COUNT ONE

THE GRAND JURY CHARGES THAT:

From on or about October 18, 2002, through on or about October 31, 2003 in Norfolk,

Virginia, in the Eastern District of Virginia, defendant ATOYA ALQUITA WILLIAMS did willfully

embezzle, steal, purloin, and knowingly convert to her use property of the United States of a value

greater than $1,000.00, in that she used a fraudulent marriage license to receive military basic

housing allowance (with dependants) to which she was not entitled.

(In violation of Title 18, United States Code, Section 641).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

1.  The Naval Criminal Investigative Service is a law enforcement agency within the executive branch of the government of the United States.  Investigation of basic housing allowance fraud is within the jurisdiction of the Naval Criminal Investigative Service.

2.  On or about October 18, 2002, in Norfolk, Virginia, in the Eastern District of Virginia, defendant ATOYA ALQUITA WILLIAMS did knowingly and willfully make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements, to wit: the defendant knowingly used a fictitious marriage license to receive government monies to which she was not entitled.

(In violation of 18 United States Code, Section 1001(a)(3)).

A TRUE BILL:

2

REDACTED COPY

_____
FOREPERSON


PAUL J. MCNULTY
UNITED STATES ATTORNEY

By: _____
Shannon L. Dillon
Special Assistant United States Attorney
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 441-6331

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY CLERK

3

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

**ATOYA ALQUITA WILLIAMS,**

Defendant.

Case Number 2:05CR00026-001

USM Number 92512-020

## JUDGMENT IN A CRIMINAL CASE

The defendant, **ATOYA ALQUITA WILLIAMS,** was represented by Larry Dash.

The defendant pleaded guilty to counts 1 and 2.  Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:641 | Larceny of Government Property (Felony) | 10/31/03 | 1 |
| 18:1001(a)(3) | Use of a False Writing (Felony) | 10/31/03 | 2 |

As pronounced on October 18, 2005, the defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _20th_ day of _October_, _2005_.

Raymond A. Jackson
United States District Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY
DEPUTY CLERK

14

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 2 - Imprisonment

Defendant: ATOYA ALQUITA WILLIAMS
Case Number: 2:05CR00026-001

Judgment--Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TIME SERVED**, APPROXIMATELY EIGHTY-FOUR (84) DAYS.

This term consists of **TIME SERVED** on Count 1 and **TIME SERVED** ON Count 2, ALL TO RUN CONCURRENTLY.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

Mailed: 10-21-05
c: P.O. (2) (3)
   Mshl. (4) (2)
   U.S.Atty.
   U.S.Coll.
   Dft. Cnsl.                    By    _____
   PTS                                       Deputy Marshal
   Financial
   Registrar
   ob

_____
       United States Marshal

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet ∴ Supervised Release

Defendant:  ATOYA ALQUITA WILLIAMS
Case Number: 2:05CR00026-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.**

This term consists of **THREE (3) YEARS** on Counts 1 and 2, ALL TO RUN CONCURRENTLY.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

While on supervised release, the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Defendant:  ATOYA ALQUITA WILLIAMS
Case Number: 2:05CR00026-001

Judgment--Page 4 of 7

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)  The defendant shall support his or her dependents and meet other family responsibilities.

5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6)  The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.

8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.

9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment--Page <u>5</u> of <u>7</u>

Defendant:  ATOYA ALQUITA WILLIAMS
Case Number: 2:05CR00026-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1)   The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2)   The defendant shall provide the probation officer with access to any requested financial information.

3)   The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.     If the court finds that the defendant has used drugs, the court will order the defendant into a residential treatment facility from three (3) months to six (6) months.

4)   The defendant shall participate in a program approved by the United States Probation Office for mental health treatment.  The cost of this program shall be paid by the defendant as directed by the probation officer.  If the defendant cannot afford to pay, she will not have to pay for the program..

5)   As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

Judgment--Page 6 of 7

Defendant: ATOYA ALQUITA WILLIAMS
Case Number: 2:05CR00026-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total monetary penalties under the schedule of payments on Schedule of Payment - Sheet 6.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | | $10,449.37 |
| 2 | $100.00 | | |
| **Total** | **$200.00**\*\* | | **$10,449.37** |

### FINE

No fines have been imposed in this case.

\*\* The Special Assessment has been paid.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name & address of | Total Loss\* | Restitution |
|-------------------|-------------|-------------|
| United States Treasury | $10,449.37 | $10,449.37 |
| **Total** | **$10,449.37** | **$10,449.37** |

Payments of restitution are to be made to Clerk, U. S. District Court.

Restitution is due in full  immediately.

The court determined that the defendant does not have the ability to pay interest and it is ordered that:  the interest requirement is waived for the restitution.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245b (Rev. 12/03)(EDVA rev.) Sheet 6 - Schedule of Payment

Judgment--Page 7 of 7

Defendant:  ATOYA ALQUITA WILLIAMS
Case Number: 2:05CR00026-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Any balance remaining unpaid on the restitution at the inception of supervision shall be paid by the defendant in installments of not less than $100 per month untii paid in full.  These payments shall commence 60 days after defendant's supervision begins.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CLOSED

# U.S. District Court
## Eastern District of Virginia (Norfolk)
## CRIMINAL DOCKET FOR CASE #: 2:05-cr-00026-RAJ-FBS-ALL
### Internal Use Only

Case title: USA v. Williams

Date Filed: 02/25/2005

Assigned to: District Judge Raymond
A. Jackson
Referred to: Magistrate Judge F.
Bradford Stillman

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY CLERK

**Defendant**

**Atoya Alquita Williams** (1)
*TERMINATED: 10/20/2005*

represented by **Larry Mark Dash**
Office of the Federal Public Defender
150 Boush St
Suite 403
Norfolk, VA 23510
(757) 457-0800
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**Pending Counts**

18:641 [18:641.F] Larceny of
Government Property. (date of offense
10.18.02)
(1)

18:1001(a)(3) [18:1001.F] Use of a
false writing and document to wit:
fictitious marriage license to receive
government monies to which she was
not entitled. (date of offense 10.18.02)
(2)

**Disposition**

IMPRISONMENT - 84 DAYS (Equal
to time served); SUPERVISED
RELEASE - 3 YEARS; SPECIAL
ASSESSMENT - $100.00;
RESTITUTION - $10,449.37

IMPRISONMENT - 84 DAYS (Equal
to time served), SERVED
CONCURRENTLY WITH COUNT 1;
SUPERVISED RELEASE - 3 YEARS,
TO RUN CONCURRENTLY WITH
COUNT 1; SPECIAL ASSESSMENT -
$100.00

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

USA                                    represented by **D Monique Hutton**
United States Attorney's Office
101 W Main St
Suite 8000
Norfolk, VA 23510
**NA**
(757) 441-6331
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Dillon**
United States Attorney's Office
101 W Main St
Suite 8000
Norfolk, VA 23510
**NA**
(757) 441-6331
*TERMINATED: 06/14/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 02/25/2005 | 1 | INDICTMENT as to Atoya Alquita Williams (1) count(s) 1, 2 (they) (Entered: 02/28/2005) |
| 02/25/2005 | | ARREST WARRANT issued as to Atoya Alquita Williams (they) (Entered: 02/28/2005) |
| 02/25/2005 | | **Added Government Attorney Shannon Dillon (they) (Entered: 02/28/2005) |
| 02/25/2005 | | CASE REFERRED to Mag Judge F. B. Stillman (they) (Entered: 02/28/2005) |
| 05/02/2005 | 2 | CJA 23 Financial Affidavit by Atoya Alquita Williams (they, ) (Entered: 05/02/2005) |
| 05/02/2005 | 3 | Minute Entry for proceedings held before Judge Tommy E. Miller. Initial Appearance as to Atoya Alquita Williams held on 5/2/2005. Shannon |

|  |  |  |
|---|---|---|
|  |  | Dillon appeared on behalf of the govt. Larry Dash appeared on behalf of the deft. as court appointed counsel. Continued on present bond with additional conditions. (CJA time 3:00-3:12) (Court Reporter FTR.) (they, ) (Entered: 05/02/2005) |
| 05/02/2005 | 🔾 | Minute Entry for proceedings held before Judge Tommy E. Miller.Arraignment as to Atoya Alquita Williams (1) Count 1,2 held on 5/2/2005. Shannon Dillon appeared on behalf of the govt. Larry Dash appeared on behalf of the deft as court appointed counsel. Continued on present bond with additional conditions. Trial to be set by Judge Jackson's chambers. (Court Reporter FTR.) (they, ) (Entered: 05/02/2005) |
| 05/02/2005 | 🔾3 | WAIVER of Personal Appearance at Motions Hearing prior to trial by Atoya Alquita Williams (they, ) (Entered: 05/02/2005) |
| 05/02/2005 | 🔾 | Attorney update in case as to Atoya Alquita Williams. Attorney Larry Mark Dash, AFPD for Atoya Alquita Williams added. (mnew, ) (Entered: 05/09/2005) |
| 05/03/2005 | 🔾4 | ORDER Setting Conditions of Release . Signed by Judge Tommy E. Miller on 5/3/05. Ent. and filed 5/3/05 Copies mailed. (they, ) (Entered: 05/03/2005) |
| 05/06/2005 | 🔾5 | ORDER as to Atoya Alquita Williams directing the dft. to appear for trial before U.S. District Judge Raymond A. Jackson on 6/15/2005 at 10:00 a.m. & it is further ordered that pretrial motions, if any, be filed by close of business on 5/20/2005 (Signed by Judge Tommy E. Miller on 5/6/05) & filed on 5/6/2005. cc to Counsel of Record, PTSO, P.O., USM, o.b. (mnew, ) (Entered: 05/09/2005) |
| 05/06/2005 | 🔾 | Set/Reset Deadlines/Hearings as to Atoya Alquita Williams: Pretrial motions due by 5/20/2005. (mnew, ) (Entered: 05/09/2005) |
| 05/06/2005 | 🔾6 | Rule 5(c)(3) Documents Received from the Middle District of Georgia (Columbus) as to Atoya Alquita Williams (mnew, ) (Entered: 05/09/2005) |
| 05/09/2005 | 🔾 | Set/Reset Hearings as to Atoya Alquita Williams: Jury Trial set for 6/15/2005 AT 10:00 AM in Courtroom 4 before Honorable District Raymond A. Jackson. (kgri, ) (Entered: 05/09/2005) |
| 06/08/2005 | 🔾 | Set Hearings as to Atoya Alquita Williams: Plea Agreement Hearing set for 6/14/2005 12:30 PM before Honorable District Raymond A. Jackson. (scar, ) (Entered: 06/08/2005) |
| 06/14/2005 | 🔾 | Minute Entry for proceedings held before District Judge Raymond A. Jackson: Plea Hearing as to Atoya Alquita Williams held on 6/14/2005. D. Monique Hutton, SAUSA and Larry Dash (fpd) appeared. Atoya Alquita Williams, appeared on bond. Plea entered by Atoya Alquita Williams (1). NO PLEA AGREEMENT. Plea accepted by the Court. Court finds deft. Guilty as to Counts 1 and 2. Continued for PSR. Sentencing set for 9/12/2005 at 2:30 PM in Courtroom 4 before |

| | | |
|---|---|---|
| | | Honorable District Judge Raymond A. Jackson. Deft. continued on present bond. (Court Reporter Sharon Borden, OCR.)(rlam) (Entered: 06/15/2005) |
| 06/14/2005 | 7 | Statement of Facts as to Atoya Alquita Williams, filed in open court. (rlam) (Entered: 06/15/2005) |
| 06/14/2005 | 8 | Sentencing Procedures Order as to Atoya Alquita Williams, entered and filed in open court, by District Judge Raymond A. Jackson on 06/14/2005. (rlam) (Entered: 06/15/2005) |
| 06/14/2005 | | Attorney update in case as to Atoya Alquita Williams. Attorney D. Monique Hutton, SAUSA added. Attorney Shannon Dillon terminated. (rlam) Modified on 6/15/2005 to correct attorney's name (scar, ). (Entered: 06/15/2005) |
| 06/21/2005 | | Terminate Deadlines and Hearings as to Atoya Alquita Williams: (they, ) (Entered: 06/21/2005) |
| 07/22/2005 | 9 | Petition on Order on Violation of Pretrial Release directing that a warrant be issued as to Atoya Alquita Williams ent. 7/20/05; filed 7/22/05. Signed by Judge Raymond A. Jackson on 7/20/05. Copies mailed. (they, ) (Entered: 07/22/2005) |
| 07/22/2005 | | ARREST Warrant Issued by Raymond A. Jackson in case as to Atoya Alquita Williams. (they, ) (Entered: 07/22/2005) |
| 07/26/2005 | | Minute Entry for proceedings held before Judge F. Bradford Stillman.Pretrail Violation Hearing as to Atoya Alquita Williams held on 7/26/2005. Monique Hutton, SAUSA appeared on behalf of the govt. Larry Dash, AFPD appeared on behalf of the deft. Bond/detention hearing waived. Court revokes bond. Remanded to custody. (Court Reporter FTR.) (they, ) (Entered: 07/27/2005) |
| 07/29/2005 | 10 | ORDER which revokes defendant's pretrial release and detains deft. pending her sentencing hearing as to Atoya Alquita Williams. Signed by Judge F. Bradford Stillman on and filed on 7/29/05; Copies mailed 7/29/05, o.b. (kgri, ) (Entered: 08/01/2005) |
| 08/02/2005 | 11 | ARREST Warrant Returned Executed on 7/26/05 in case as to Atoya Alquita Williams. (they, ) (Entered: 08/05/2005) |
| 09/02/2005 | | Reset Hearings as to Atoya Alquita Williams: Sentencing set for 10/18/2005 11:30 AM before Honorable District Raymond A. Jackson. (scar, ) (Entered: 09/02/2005) |
| 09/15/2005 | 12 | Position on Sentencing by Atoya Alquita Williams (ptom, ) (Entered: 09/15/2005) |
| 10/18/2005 | | Sentencing held before Judge Raymond A. Jackson on 10/18/2005 for Atoya Alquita Williams (1). Cory Picton, SAUSA appeared for the USA; Larry Dash, AFPD, appeared with the deft. (in custody). Count 1: IMPRISONMENT - 84 DAYS (Equal to time served); SUPERVISED RELEASE - 3 YEARS; SPECIAL ASSESSMENT - $100.00; |

| | | |
|---|---|---|
| | | RESTITUTION - $10,449.37; Count 2: IMPRISONMENT - 84 DAYS (Equal to time served), SERVED CONCURRENTLY WITH COUNT 1; SUPERVISED RELEASE - 3 YEARS, TO RUN CONCURRENTLY WITH COUNT 1; SPECIAL ASSESSMENT - $100.00. Deft. notified of right of appeal and remanded to custody of USM to be released. (Court Reporter Paul McManus.) (lbax) (Entered: 10/19/2005) |
| 10/18/2005 | ❍13 | Restitution Judgment as to Atoya Alquita Williams entered and filed in open court. Signed by Judge Raymond A. Jackson on 10/18/05. (lbax) (Entered: 10/19/2005) |
| 10/20/2005 | ❍14 | JUDGMENT as to Atoya Alquita Williams (1), Count(s) 1: IMPRISONMENT - 84 DAYS (Equal to time served); SUPERVISED RELEASE - 3 YEARS; SPECIAL ASSESSMENT - $100.00; RESTITUTION - $10,449.37; Count(s) 2: IMPRISONMENT - 84 DAYS (Equal to time served), SERVED CONCURRENTLY WITH COUNT 1; SUPERVISED RELEASE - 3 YEARS, TO RUN CONCURRENTLY WITH COUNT 1; SPECIAL ASSESSMENT - $100.00; deft remanded to custody of USM; entered & filed 10/20/05 (Signed by Judge Raymond A. Jackson) Copies mailed 10/20/05, ob (arou) (Entered: 10/21/2005) |
| 07/06/2006 | | ***Set Closed Flag as to Atoya Alquita Williams (ldab, ) (Entered: 07/06/2006) |
| 07/06/2006 | ❍15 | Probation Jurisdiction Transferred to Middle District of Alabama as to Atoya Alquita Williams Transmitted Transfer of Jurisdiction form PROB 22, with certified copies of indictment, judgment and docket sheet. Entered 04/18/06 and filed 07/06/06. Copies mailed 07/07/06. (ldab, ) (Entered: 07/07/2006) |